# In the United States Court of Federal Claims

No. 17-1969C

(E-Filed: September 21, 2022)

|  |  |
|---|---|
| THE BOEING COMPANY, ) | |
| ) | Summary Judgment; RCFC 56; |
| Plaintiff, ) | Subject Matter Jurisdiction; |
| ) | RCFC 12(b)(1); FAR 30.606; |
| v. ) | Cost Accounting Standards |
| ) | Statute; 41 U.S.C. § 1503; |
| THE UNITED STATES, ) | Illegal Exaction; Exclusive |
| ) | Remedy. |
| Defendant. ) | |

Charles J. Cooper, Washington, DC, for plaintiff. Michael W. Kirk, John D. Ohlendorf, and Seth H. Locke, of counsel.[1]

Erin K. Murdock-Park,[2] Trial Attorney, with whom were Brian M. Boynton, Acting Assistant Attorney General, Robert E. Kirschman, Jr.,[3] Director, Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Arthur Taylor and Kara M. Klaas, Defense Contract Management Agency, Chantilly, VA, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

---

[1]   The composition of plaintiff's legal team changed during the pendency of the parties' motions. On plaintiff's supplemental brief, ECF No. 71, Scott M. McCaleb, Washington, DC, appears for plaintiff, with Jon W. Burd, Gary S. Ward, George E. Petel, Suzette W. Derrevere, Jade C. Totman, and Seth H. Locke, of counsel.

[2]   Daniel B. Volk, Senior Trial Counsel, appeared in lieu of Ms. Murdock-Park on defendant's supplemental brief, ECF No. 61, and supplemental reply brief, ECF No. 72.

[3]   Martin F. Hockey, Jr., Acting Director, appeared in lieu of Mr. Kirschman on defendant's supplemental brief, ECF No. 61, and supplemental reply brief, ECF No. 72.

This case is before the court on cross-motions for summary judgment, brought under Rule 56 of the Rules of the United States Court of Federal Claims (RCFC). On May 29, 2019, this court dismissed plaintiff's complaint in this case, a decision that was later reversed by the United States Court of Appeals for the Federal Circuit. See ECF No. 29 (court's May 29, 2019 opinion dismissing the case); ECF No. 33 (Federal Circuit's August 10, 2020 decision, reported at Boeing Co. v. United States, 968 F.3d 1371 (Fed. Cir. 2020)). Following remand of the case to this court, the parties filed their cross-motions for summary judgment, which are now fully briefed. See ECF No. 43 (plaintiff's motion); ECF No. 43-1 (plaintiff's brief in support of its motion); ECF No. 45 (defendant's cross-motion and response); ECF No. 49 (plaintiff's response and reply); ECF No. 54 (defendant's reply); ECF No. 61 (defendant's supplemental brief); ECF No. 71 (plaintiff's supplemental response); and ECF No. 72 (defendant's supplemental reply).

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the reasons set forth below, plaintiff's motion for summary judgment is **DENIED**, and defendant's motion for summary judgment is **GRANTED**.

I.   Background

   A.   Factual Background

Plaintiff contracts with the government to provide military aircraft and related services. See ECF No. 1 at 8-9 (complaint). Plaintiff filed this lawsuit to challenge the application of the cost accounting standards (CAS) statute, 41 U.S.C. §§ 1501-1506, and Federal Acquisition Regulation (FAR) 30.606(a)(3)(ii) (FAR 30.606), 48 C.F.R. § 30.606(a)(3)(ii), to its contracts with the United States and plaintiff. See id. at 1-2. Specifically, plaintiff alleges that when defendant applied FAR 30.606 to calculate the impact of changes plaintiff made to its cost accounting methods, defendant applied a regulation that "violates the CAS statute and was illegally promulgated." ECF No. 43-1 at 8; see also ECF No. 1 at 1-5. Plaintiff seeks relief regarding one representative contract, contract no. N00019-09-C-0019, see ECF No. 1 at 24, and declaratory relief that would apply to "each of the relevant contracts between [plaintiff] and the United States," id. at 35.

Plaintiff characterizes the first three counts of its complaint as claims founded on the contracts between plaintiff and defendant. See id. at 31-34. Plaintiff argues that in calculating the impact of its cost accounting methods changes in line with FAR 30.606, defendant failed to comply with the CAS statute, and has therefore "violated the CAS Statute and breached its contractual obligations." ECF No. 43-1 at 9. The fourth count of plaintiff's complaint asserts that an illegal exaction occurred when FAR 30.606 was applied to its contract, in violation of 41 U.S.C. § 1503(b). See ECF No. 1 at 34-35.

When only the representative contract is considered, plaintiff asserts that defendant's claim for $1,064,773 is invalid, and that the court should award plaintiff damages for the payments paid by plaintiff on defendant's claim, plus interest.  See id. at 35.

### B. Procedural History

On May 29, 2019, this court dismissed plaintiff's complaint in this case.  See ECF No. 29.  That decision that was reversed by the Federal Circuit.  See ECF No. 33.  Following remand of the case to this court, the parties filed their cross-motions for summary judgment now before the court.  See ECF No. 43; ECF No. 45.

During the course of briefing the cross-motions for summary judgment, defendant sought leave to file a motion for partial dismissal requesting that the court dismiss plaintiff's claim for illegal exaction for lack of subject matter jurisdiction.  See ECF No. 62.  The court granted defendant's motion for leave on October 26, 2021, and defendant filed its motion on October 29, 2021.  See ECF No. 64 (order granting motion for leave); ECF No. 65 (defendant's motion to dismiss).  Plaintiff filed a response on December 20, 2021, see ECF No. 70, and defendant filed a reply on January 14, 2022, see ECF No. 73.  On June 16, 2022, the court denied defendant's motion, noting that, while the Federal Circuit did not analyze whether this court has jurisdiction over plaintiff's illegal exaction claim as an alternative to a Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09, claim, it was aware that plaintiff is pursuing both CDA claims and an illegal exaction claim and explicitly held that this court has jurisdiction over the latter.  See ECF No. 74 at 2-3 (order denying motion to dismiss and staying further consideration of the parties' cross-motions for summary judgment); see also generally ECF No. 33.  Defendant did not seek to file an interlocutory appeal of the court's ruling.  See ECF No. 75 (July 13, 2022 status report).

The parties' cross-motions for summary judgment are thus ripe for review by this court.

## II. Legal Standards

### A. Subject Matter Jurisdiction

The Tucker Act delineates this court's jurisdiction.  See 28 U.S.C. § 1491.  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).  Specifically, the statute provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the

3

> Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act "waives the Government's sovereign immunity for those actions."  See Fisher, 402 F.3d at 1172.  Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence.  See Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013).  To determine whether a plaintiff has carried this burden, the court must accept "as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).  If the court does not have jurisdiction over the matter, the court must dismiss it.  See RCFC 12(h)(3).

      B.    Summary Judgment

According to RCFC 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party."  Dairyland Power Coop. v. United States, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citations omitted).  For cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."  Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed. Cir. 1987) (citation omitted).

A genuine dispute of material fact is one that could "affect the outcome" of the litigation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "The moving party . . . need not produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case."  Dairyland Power, 16 F.3d at 1202 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).  A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial.  Celotex, 477 U.S. at 324.

III.    Analysis

    A.    Plaintiff's Contract Claims Are, at Base, Challenges to the Validity of a Regulation

"Regardless of the characterization of the case ascribed by [plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction." Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994); see also Suburban Mort. Assocs., Inc. v. United States Dept. of Housing & Urban Dev., 480 F.3d 1116, 1124 (2007) (holding that to "thwart . . . forum shopping," the court "emphasize[s] that in determining whether a plaintiff's suit is to be heard in district court or the Court of Federal Claims, we must look beyond the form of the pleadings to the substance of the claim"). When a plaintiff couches its claims in terms of money damages, but seeks "payments to which it alleges it is entitled pursuant to federal statute and regulations," and that payment "may flow from a decision that [an agency] has erroneously interpreted or applied its regulation," the claim is one for "declaratory judgment and other equitable relief." Katz, 16 F.3d at 1208 (citing Bowen v. Massachusetts, 487 U.S. 879, 893, 895, 900 (1988)). Put more simply, a case that "challenges the interpretation of law which controls payment . . . . is not a contract case." Id. at 1209.

Plaintiff asserts that its claims are contract claims. See ECF No. 1 at 31-34. Plaintiff's breach claims, however, are premised on its allegation that the agency applied a regulation that "violates the CAS statute and was illegally promulgated." ECF No. 43-1 at 8. Plaintiff argues that because FAR 30.606 is invalid, see id. at 28-38 (arguing that the regulation is invalid because it conflicts with the CAS statute and was promulgated without authority, meaningful explanation, or notice and comment), defendant breached its contract with plaintiff when it applied the regulation to calculate the impact of the changes plaintiff made to its cost accounting methods, see id. at 41-42. In the court's view, therefore, the gravamen of plaintiff's complaint is a challenge to the validity of FAR 30.606.

This case, then, like Katz, "challenges the interpretation of law which controls payment to [plaintiff]." Katz, 16 F.3d at 1209. Although plaintiff couches its claims in terms of breach and money damages, it seeks "payments to which it alleges it is entitled pursuant to federal statute and regulations," and its payment allegations "flow from a decision that [an agency] has erroneously interpreted or applied its regulation." Id. at 1208. As a result, plaintiff's contract claims are for "declaratory judgment and other equitable relief." Id. This is, thus, "not a contract case." Id. at 1209; see also id. ("We presume, as did the Bowen court, that once the propriety of [the agency's] interpretation of the regulation has been adjudicated it will act accordingly, and any monetary consequences will flow through the contractual scheme.").

5

B.   The Court Lacks Jurisdiction to Determine the Validity of FAR 30.606

This court does not have jurisdiction to review the validity of regulations pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702.  See, e.g., Land Shark Shredding, LLC v. United States, 842 F. App'x 589, 593 (Fed. Cir. 2021) ("Challenges to the validity of a regulation governing a procurement must be brought in federal district court under the [APA]."); Martinez v. United States, 333 F.3d 1295, 1313 (Fed. Cir. 2003) (en banc) ("[T]he Court of Federal Claims lacks APA jurisdiction."); Southfork Sys., Inc. v. United States, 141 F.3d 1124, 1135 (Fed. Cir. 1998) (noting that if a plaintiff wishes to "challenge the validity of a regulation governing a procurement, the proper method of doing so is to bring an action in federal district court under the [APA]"); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (stating that the court "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and to grant relief pursuant to the [APA]"); Katz, 16 F.3d at 1209 ("[N]o relief is available in the Court of Federal Claims here because the case challenges the interpretation of law . . . . It is not a contract case.").  Likewise, as a rule, the court "does not have the general equitable powers of a district court to grant prospective relief."  Bowen, 487 U.S. at 905.

The Federal Circuit has previously held that, under certain circumstances, the court has jurisdiction to consider challenges to regulations made in the context of a CDA claim.  See Texas Health Choice, L.C. v. Office of Pers. Mgmt., 400 F.3d 895, 900 (Fed. Cir. 2005).  In Texas Health, the plaintiff, a health management organization and government contractor, filed suit in the district court alleging that an agency regulation covering the last year of its contract, which was incorporated into its contract as a clause, conflicted with a provision of the Federal Employee Health Benefits Act.  See id. at 897.  The defendant moved to dismiss the complaint for lack of jurisdiction and separately moved to transfer the claim to this court, arguing that the contract was governed by the CDA and jurisdiction is exclusive in this court for such claims.  See id. at 898.

The district court denied the motions, but the Federal Circuit concluded that "under the CDA, the Court of Federal Claims has exclusive jurisdiction over [plaintiff's] suit against [defendant] relating to the validity of the [regulation] incorporated into the . . . contract."  Id.  The Circuit so reasoned "because [plaintiff's] claim is related to the . . . contract," and the CDA "'exclusively governs'" government contract disputes.  Id.  The Federal Circuit stated that plaintiff's complaint, "literally read," only sought to invalidate the regulation, rather than requesting money damages, but that was "of no consequence to the question of jurisdiction because the complaint relates to a dispute implicating a contract with the Government."  Id. at 900.  A dissent in the case argued that the case was controlled by Bowen and Katz, and that transferring the case to this court would effect a transfer "to a court without either jurisdiction or the power to grant the requested relief."  Id.

Plaintiff argues that this same rationale should apply here. See ECF No. 71 at 12. The court disagrees. In the court's view, Texas Health is distinguishable from this case, and the general prohibition on the court hearing challenges to a regulation's validity found in Bowen and Katz must govern.

The court finds the Federal Circuit's explanation and reasoning in Suburban Mortgage instructive in this matter. See Suburban Mort., 480 F.3d at 1126-27. In that case, the Circuit considered whether a case filed in the district court as an APA action should remain in the district court or be transferred to this court. See id. at 1118-19. The court extensively reviewed the analysis and conclusions in Bowen, and concluded that "if a money judgment will give the plaintiff essentially the remedy he seeks—then the proper forum for resolution of the dispute is not a district court under the APA but the Court of Federal Claims under the Tucker Act." Id. at 1126. Applying that conclusion, the Circuit reasoned that "unlike Bowen, this case does not involve a complex, ongoing relationship between plaintiff and the Government in which plaintiff seeks declaratory or injunctive relief to modify the Government's future obligations," and held that this court had jurisdiction to consider the claims because it could provide an adequate remedy. Id. at 1127; see id. at 1128.

In Texas Health and Suburban Mortgage, the regulatory interpretation issue was narrow, applied only to a single contract between plaintiff and defendant, and did not apply prospectively to future actions. See Suburban Mort., 480 F.3d at 1127; Texas Health, 400 F.3d at 897 (noting that plaintiff had ended the contractual relationship). Unlike both Texas Health and Suburban Mortgage, plaintiff here has multiple contracts with defendant that could be affected by the outcome of this case. See ECF No. 1 at 24 n.1 (noting that the changes plaintiff made to its cost accounting methods affected its CAS-covered contracts, but defendant calculated the cost impact on a single, representative contract); ECF No. 43-1 at 12-13 (plaintiff noting that cost accounting methods "must periodically change," and that the "central issue in this case" is how the impact is calculated when those changes occur) (capitalization removed). Were the court to resolve this case on its merits in plaintiff's favor, it would affect future conduct by defendant. This case, therefore, like Bowen, involves "a complex, ongoing relationship between plaintiff and the Government in which plaintiff seeks declaratory or injunctive relief to modify the Government's future obligations." Suburban Mort., 480 F.3d at 1127.

In Bowen, the Supreme Court of the United States noted that it is not appropriate "to assume, categorically, that a naked money judgment against the United States will always be an adequate substitute for prospective relief fashioned in the light of the rather complex ongoing relationship between the parties." Bowen, 487 U.S. at 905. And, it reasoned that "[t]he fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages.'" Id. at

893. In the court's view, the Supreme Court's reasoning in Bowen must apply in this case. Plaintiff's requested relief, although monetary in name, would not be "an adequate substitute for prospective relief fashioned in the light of the rather complex ongoing relationship between the parties." Id. at 905. And this court is not empowered to grant such relief. Id. ("The Claims Court does not have the general equitable powers of a district court to grant prospective relief.").

The weight of precedent thus dictates that the court lacks jurisdiction to determine the validity of FAR 30.606 in this case. See id. The court declines to extend its jurisdictional reach to include challenges to the validity of a regulation under these circumstances and, therefore, dismisses plaintiff's alleged contract claims, counts I, II, and III, of plaintiff's complaint.

      C.      Plaintiff's Illegal Exaction Claim Is Barred by the Remedy Provision in the CAS Statute

In its opinion remanding this case, the Federal Circuit considered the viability of both plaintiff's CDA claims and its illegal exaction claim. See generally ECF No. 33. The Circuit specifically found that this court erred in holding that the court lacked jurisdiction over the illegal exaction claim because it was not based on a money-mandating statute. See id. at 21. More specifically, the Circuit held that no money-mandating statute is required to support an illegal exaction claim, id., and stated that plaintiff "has established jurisdiction for its illegal exaction claim," id. at 19. Stated another way, the Circuit noted that "[w]hatever its ultimate merits, [plaintiff's] allegation suffices for jurisdiction to adjudicate the illegal exaction claim." Id. at 20. The court thus has jurisdiction to hear plaintiff's illegal exaction claim.

Notwithstanding that conclusion, the court lacks the authority to consider plaintiff's illegal exaction claim because challenges to the application of the CAS statute must be made under the CDA. See 41 U.S.C. § 1503(a) (requiring that "[i]f the Federal Government and a contractor or subcontractor fail to agree on a contract price adjustment, . . . the disagreement will constitute a dispute under [the CDA]"). Plaintiff asserts that its challenge is to the application of the CAS statute, and within the scope of the CDA. See ECF No. 71 at 9 (plaintiff noting that "the instant dispute is within the scope of the CDA"); id. at 9 n.3 (quoting the FAR clause incorporated into its contract which provides that a dispute over a cost adjustment "will constitute a dispute under [the CDA]"). "When the [CDA] applies, it provides the exclusive mechanism for dispute resolution; the [CDA] was not designed to serve as an alternative administrative remedy, available at the contractor's option." Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed. Cir. 1995). Plaintiff's claim, therefore, must be brought under the CDA—an illegal exaction claim is barred in this case.

Because plaintiff cannot make a showing sufficient to establish its ability to bring an illegal exaction claim in this case, the court dismisses the illegal exaction claim, count IV, of plaintiff's complaint.  <u>Celotex</u>, 477 U.S. at 324.

IV.  Conclusion

Accordingly, for the foregoing reasons:

(1)   The clerk's office is directed to **LIFT** the **STAY** in this matter;

(2)   Plaintiff's motion for summary judgment, ECF No. 43, is **DENIED**;

(3)   Defendant's cross-motion for summary judgment, ECF No. 45 is **GRANTED**; and

(4)   The clerk's office is directed to **ENTER** final judgment in defendant's favor **DISMISSING** counts I, II, and III of plaintiff's complaint without prejudice, and **DISMISSING** count IV of plaintiff's complaint with prejudice.

IT IS SO ORDERED.

          s/Patricia E. Campbell-Smith
          PATRICIA E. CAMPBELL-SMITH
          Judge